# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) | |
| AMERICAN FEDERATION ) | |
| OF GOVERNMENT EMPLOYEES, ) | |
| AFL-CIO, LOCAL 3669, ) | |
| ) | |
|        Plaintiff, ) | |
| ) | |
|     v. ) | Civil Action No. 08-1722  (RBW) |
| ) | |
| ERIC K. SHINSEKI, ) | |
| Secretary of Veterans Affairs, ) | |
| and MICHAEL J. KUSSMAN, ) | |
| Under Secretary for Health, ) | |
| Department of Veterans Affairs ) | |
| ) | |
|        Defendants. ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯) | |

## MEMORANDUM OPINION

The American Federation of Governmental Employees, AFL-CIO, Local 3669, the

plaintiff in this civil lawsuit, seeks the reversal of a decision issued by the Under Secretary for

Health of the Department of Veterans Affairs (the "Under Secretary") on behalf of the Secretary

of Veterans Affairs (the "Secretary") pursuant to the Administrative Procedure Act (the "APA"),

5 U.S.C. §§ 551-59, 701-06, 1305, 3105, 3344, 4301, 5335, 5372, 7521 (2006), and 38 U.S.C.

§ 7422.[1]  Complaint for Injunctive and Declaratory Relief (the "Compl.") ¶¶ 42–57.  Currently

pending before the Court is the defendants' motion to dismiss the plaintiff's complaint pursuant

to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) and the plaintiff's cross-motion for

summary judgment pursuant to Federal Rule of Civil Procedure 56.  After carefully considering

the plaintiff's complaint, the parties' cross-motions, all memoranda of law and exhibits relating

---

[1]  The plaintiff's complaint names James B. Peake, the former Secretary of Veterans Affairs, as the lead defendant in this case.  The Court has substituted Secretary Shinseki for former Secretary Peake as a defendant pursuant to Federal Rule of Civil Procedure 25(d).

to those motions, and the administrative record,[2] the Court concludes that it must deny the defendants' motion to dismiss, grant in part the plaintiff's cross-motion for summary judgment and deny the balance of the motion as moot, reverse the Under Secretary's ruling, and remand this case to the Department of Veterans Affairs for further proceedings consistent with this memorandum opinion.

## I. Background

The following facts are either matters of public record, part of the administrative record filed in this case (the "A.R."), or alleged in the plaintiff's complaint.  The parties' dispute centers on the applicability of certain provisions of Title VII of the Civil Service Reform Act (the "CSRA"), Pub. L. No. 95-454, 92 Stat. 1111 (1978).  Under provisions of that statute now codified in Title 5 of the United States Code, the General Counsel of the Federal Labor Relations Authority (the "Authority") is charged with "investigat[ing] alleged unfair labor practices under [Chapter 71 of Title 5 of the United States Code]" and "[filing] and prosecut[ing] complaints under [that] chapter."  5 U.S.C. § 7104(f)(2).  "If any agency or labor organization is charged by any person with having engaged in or engaging in an unfair labor practice, the General Counsel shall investigate the charge and may issue and cause to be served upon the agency or labor organization a complaint."  Id. § 7118(a)(1).  If "the General Counsel does not issue a complaint because the charge fails to state an unfair labor practice, the General Counsel shall provide the person making the charge a written statement of the reasons for not issuing a complaint."  Id.

---

[2]  In addition to the plaintiff's complaint, the administrative record, and the parties' motions, the Court considered the following documents in reaching this decision: (1) the Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss (the "Defs.' Mem."), (2) the Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss, which the plaintiff re-filed separately as the  Plaintiff's Memorandum in Support of Plaintiff's Motion for Summary Judgment (the "Pl.'s Mem."), (3) the Defendants' Reply in Support of Motion to Dismiss and Opposition to Plaintiff's Motion for Summary Judgment (the "Defs.' Reply/Cross-Opp'n"), and (4) the Plaintiff's Reply Memorandum in Support of Plaintiff's Motion for Summary Judgment (the "Pl.'s Cross-Reply").

The CSRA also provides for the "exclusive recognition" of a "labor organization if the organization has been selected as the representative, in a secret ballot election, by a majority of the employees in an appropriate unit who cast valid ballots in the election." Id. § 7111(a). "A labor organization which has been accorded exclusive recognition is the exclusive representative of the employees in the unit it represents and is entitled to act for, and negotiate collective bargaining agreements covering, all employees in the unit." Id. § 7114(a)(1). Further, "any collective bargaining agreement shall provide procedures for the settlement of grievances," and "the[se] procedures shall be the exclusive administrative procedures for resolving grievances which fall within its coverage." Id. § 7121(a)(1).

As alleged in the plaintiff's complaint, the plaintiff "is a labor organization," Compl. ¶ 3, that "has been lawfully delegated authority to act as the exclusive labor organization representative . . . for that portion of a bargaining unit that includes registered nurses and respiratory therapists employed by the Department of Veterans Affairs . . . at the [Department of Veterans Affairs'] Medical Center in Minneapolis, Minnesota [(the "Medical Center")]," id. ¶ 4. "On or about January 11, 2008," the plaintiff allegedly "filed two unfair labor practice . . . charges with the Chicago Regional Office of the [Authority] against the [Medical Center]." Id. ¶ 22. The charges were allegedly filed in response to "two memorandums issued by the [Medical Center]," id., to Barb Galle and Karen Rafter, "two registered nurses" who allegedly "testified in support" of the plaintiff, id. ¶ 11, at a "labor arbitration hearing" held "on or about December 7, 2007," concerning "the propriety of a removal of a respiratory therapist employed by the [Department of Veterans Affairs] at the [Medical Center]," id. ¶ 9. Allegedly, "both [] Galle and [] Rafter have been[] and are[] members of [the plaintiff]." Id. ¶ 12.

The memoranda allegedly issued by the Medical Center addressed certain testimony that Galle and Rafter may or may not have provided at the labor arbitration hearing held in December of 2007.  Id. ¶¶ 9–11.  "Following the aforementioned arbitration hearing, the attorney representing [the Medical Center's] management allegedly reported to the [Medical Center's] 'Nurse Executive' that the testimony of both [] Galle and [] Rafter at that arbitration hearing was that [another nurse testifying at the hearing on behalf of the Medical Center] provided substandard care and was incompetent."  Id. ¶ 16.  In response, the Nurse Executive allegedly "issued substantively identical memorand[a] . . . to [] Galle and [] Rafter" in which she, inter alia, quoted and cited to a provision of the Minnesota Board of Nursing requiring licensed professionals to report incompetent, unprofessional, or unethical conduct, id. ¶ 19, informed Galle and Rafter that they had an obligation to report such behavior to the Nurse Executive "or a manager," id. ¶ 20, and concluded by stating that "failure to report practice as noted above is grounds for disciplinary action," id. ¶ 21 (internal quotation marks omitted) (emphasis removed).  The plaintiff "maintains that [the] statements made in the [Medical Center's] memorand[a] . . . are reprisals for the testimony offered by [] Galle and [] Rafter at the arbitration hearing" held in December of 2007, id. ¶ 23, and as such "constitute an interference, restraint[,] and coercion of employee rights" in violation of 5 U.S.C. § 7116(a)(1), id. ¶ 24; see also 5 U.S.C. § 7116(a)(1) (providing that "it shall be an unlawful labor practice for an agency" to, inter alia, "interfere with, restrain, or coerce any employee in the exercise by the employee of any right under [Chapter 71 of Title 5 of the United States Code]").

While the plaintiff's charges were still pending before the Authority, the Medical Center requested that the Under Secretary issue a ruling prohibiting the Authority's consideration of those charges pursuant to 38 U.S.C. § 7422(d).  Compl. ¶ 28. Generally speaking, the Secretary's

authority to "prescribe by regulation the hours and conditions of employment and leaves of

absence of" various categories of medical employees, 38 U.S.C. § 7421(a) (2006), including

registered nurses, id. § 7421(b)(5), "is subject to the right of [f]ederal employees to engage in

collective bargaining with respect to conditions of employment through representatives chosen

by them in accordance with chapter 71 of title 5," id. § 7422(a).  However, "[s]uch collective

bargaining (and any grievance procedures provided under a collective bargaining

agreement) . . . may not cover, or have any applicability to, any matter or question concerning or

arising out of (1) professional conduct or competence, (2) peer review, or (3) the establishment,

determination, or adjustment of employee compensation under [title 38]."  Id. § 7422(b).  "An

issue of whether a matter or question concerns or arises out of" any of these three categories is

left to the discretion of the Secretary or his delegate "and may not be reviewed by any other

agency."  Id. § 7422(d).  "The [] Secretary has delegated this § 7422(d) authority to the Under

Secretary . . . ."  AFL-CIO v. Nicholson, 475 F.3d 341, 345 (D.C. Cir. 2007).

On September 2, 2008, the Under Secretary concluded that the charges filed by the

plaintiff on behalf of Galle and Rafter "ar[o]se out of professional conduct or competence within

the meaning of 38 U.S.C. § 7422(b)."  A.R. at 32.  Noting that "the Minnesota Board of Nursing

reporting obligations . . . require individual nurses to report personal knowledge of any conduct

by another nurse that might be evidence of incompetence, unprofessional[, or] unethical conduct,

or evidence that another nurse is unable to practice safely," A.R. at 31, the Under Secretary

reasoned that the Medical Center's investigation of the comments allegedly made by Galle and

Rafter at the arbitration hearing in December of 2007 "ar[o]se out of management's investigation

concerning [Nurse] Krehnke's professional competence," and that "an inquiry as to whether

clinical staff had knowledge of shortcomings regarding either the quality of direct patient care

being provided or the clinical competence of another provider[] is a matter concerning or arising out of professional conduct or competence," id. at 32.  In reaching this decision, the Under Secretary did not address the argument, raised by the plaintiff in its opposition to the Medical Center's motion, that because the plaintiff's charges were neither "an issue of 'collective bargaining' within the meaning of [§] 7422(b)" nor "a matter of 'grievance procedure' coverage" within the meaning of that statute, "the Under Secretary, as a matter of plain statutory language, has no authority to apply any of the [§] 7422(b) exclusions in this instance."  Id. at 21.

The plaintiff filed its complaint in this Court on October 10, 2008.  In its complaint, the plaintiff asserts that "the defendants have violated, misinterpreted[,] and misapplied 38 U.S.C. [§§] 7422(b) and (d)," Compl. ¶ 45, because "[t]he unfair labor practice charges at issue in the [Under Secretary's] September 2, 2008 decision paper do not pertain to 'collective bargaining' as that term is used in 38 U.S.C. § 7422(b)," id. ¶ 43, or "to 'grievance procedures provided under a collective bargaining agreement' as that phrase is used in 38 U.S.C. [§] 7422(b)," id. ¶ 44.  It further asserts that "[t]he question of whether the issuance of [the Medical Center's] memorand[a] . . . to [] Galle and [] Rafter constitute an interference with, restraint of, []or coercion of [] employee rights" under the CSRA "is not a question of 'professional conduct or competence' within the meaning of 38 U.S.C. [§] 7422(b)(1) and 38 U.S.C. [§] 7422(d)(1)," id. ¶ 51, and that consequently "the defendants have acted outside the scope of their 38 U.S.C. [§] 7422(d) authority," id. ¶ 53, by "[applying] the 38 U.S.C. [§] 7422(b)(1) exclusion to a scenario that does not pertain to a question of 'professional conduct or competence,'" id. ¶ 52.

In Counts I and III of the complaint, the plaintiff claims that these asserted errors constitute "agency action . . . in excess of statutory . . . authority" in violation of the APA.  5 U.S.C. § 706(2)(C); see also Compl. ¶¶ 46, 53 (asserting violations of this provision of the

APA).  In Counts II and IV of the complaint, the plaintiff claims that these same errors also

constitute "agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not

in accordance with law" under a separate provision of the APA.  5 U.S.C. § 706(2)(A); see also

Compl. ¶¶ 48, 55 (asserting violations of this provision of the APA).  Finally, in Count V of the

complaint the plaintiff claims a separate violation of § 706(2)(A) based upon the Under

Secretary's alleged assumption of the veracity of the Medical Center's assessment of Galle's and

Rafter's testimony.  Compl. ¶ 57.

        The defendants moved to dismiss the plaintiff's complaint on December 15, 2008.  In

support of their motion to dismiss, they argue that under the standard set forth in Chevron

U.S.A., Inc. v. National Resource Defense Council, Inc., 467 U.S. 837 (1984), the Court must

affirm the Under Secretary's conclusion that § 7422(b) encompasses the Medical Center's

investigation because the applicability of that provision is apparent from the face of the statute

and because the Under Secretary's interpretation of the statute is reasonable in any event, Defs.'

Mem. at 7–11.  They further argue that the Under Secretary's authority under § 7422(d) deprives

the plaintiff of the ability to assert any claims under the CSRA.  Id. at 11–12.  Finally, the

defendants assert that any factual dispute as to what was said by Galle and Rafter at the

arbitration hearing held in December of 2007 is "not relevant to the question of whether the

investigation concerning the allegations of clinical incompetence made against [Nurse] Krehnke

concerned her professional competence within the meaning of 38 U.S.C. § 7422[(b)]."  Id. at 12–

13.

        The plaintiff concedes that "the Under Secretary can issue a [§] 7422(d) finding if a

substantive collective bargaining proposal or collective bargaining provision covers the area

[also] covered by one of the [§] 7422(b) exclusions" or "if a grievance covers one of the areas

covered by a [§] 7422(b) exclusion," but it argues that "[t]his is not an issue of 'collective bargaining'" or "a matter of 'grievance procedure' coverage within the meaning of [§] 7422(b)." Pl.'s Mem. at 20.  It also challenges the Under Secretary's reading of the exceptions set forth in § 7422(b) as overly broad, id. at 28–32, and criticizes the defendants' argument regarding the relevancy of any factual dispute about the comments allegedly made by Galle and Rafter as "nonsensical," id. at 34.  The plaintiff concludes its memorandum of law by requesting not only that "the defendants be directly ordered to withdraw and reverse their [§ 7422(d)] finding," but also that "[the] defendants be permanently enjoined from applying any [§] 7422(b) exclusion to either the unfair labor practice charges at issue here or to any unfair labor practice charges where [the] issue is whether employer statement[s] to employees constitute violations of 5 U.S.C. [§] 7116(a)(1)."  Id. at 35.

In their consolidated reply memorandum and cross-opposition to the plaintiff's cross-motion for summary judgment, the defendants contend that unfair labor practice charges "are a part of the collective bargaining process," Defs.' Reply/Cross-Opp'n at 5, and that as a consequence "the [Under] Secretary correctly made a determination under § 7422(d) whether the matter concerned professional conduct or competence," id. at 6.  They reiterate their belief that the Under Secretary's interpretation of § 7422(b) is a reasonable one, id. at 7–9, and dispute the notion that his decision lacked factual support, id. at 9–10.  They devote the remainder of their memorandum of law to the novel argument that the Medical Center did not violate 5 U.S.C. § 7116(a)(1) when it sent its memoranda to Galle and Rafter.  Id. at 10–11.  The plaintiff reiterates in its cross-reply memorandum the other arguments advanced in its cross-motion for summary judgment.  See Pl.'s Cross-Reply at 2–6 (arguing that that an unfair labor practice charge alleging a violation of an employee's rights under 5 U.S.C. § 7102 does not involve

collective bargaining or grievance procedure arising out of collective bargaining); id. at 6–10 (arguing that because "the issue in [the] plaintiff's [unfair labor practice] charges is the propriety of the statements made by [the Medical Center's] management to employees represented by [the] plaintiff," the Under Secretary's interpretation of § 7422(b) as subsuming those charges is unreasonable); id. at 10–12 (arguing that the Under Secretary's reliance on a disputed version of the facts underlying the Medical Center's investigation was arbitrary and capricious).

## II. Standard of Review

As noted above, the defendants seek to dismiss the plaintiff's complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim for which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  However, the defendants do not argue that the Court lacks subject-matter jurisdiction over the plaintiff's APA claims, see discussion supra, and their memoranda of law is replete with references to the administrative record.  The Court will therefore treat the defendants' motion as a motion for summary judgment, and will consider both the defendants' motion and the plaintiff's cross-motion for summary judgment under the standard of review applicable to motions filed under Federal Rule of Civil Procedure 56.

Under Rule 56, summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  When ruling on a Rule 56 motion, the Court must view the evidence in the light most favorable to the non-moving party.  Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006) (citing Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)).  The Court must also draw "all justifiable inferences" in the non-moving party's favor and accept the non-

moving party's evidence as true.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

The non-moving party, however, cannot rely on "mere allegations or denials," Burke v. Gould,

286 F.3d 513, 517 (D.C. Cir. 2002) (quoting Anderson, 477 U.S. at 248 (internal citation and

quotation marks omitted)), for "conclusory allegations unsupported by factual data will not

create a triable issue of fact," Pub. Citizen Health Research Group v. FDA, 185 F.3d 898, 908

(D.C. Cir. 1999) (internal citation and quotation marks omitted).  If the Court concludes that "the

non-moving party has failed to make a sufficient showing on an essential element of [its] case

with respect to which [it] has the burden of proof," then the moving party is entitled to summary

judgment.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

### III. Legal Analysis

As the Court's recitation of the parties' arguments above suggests, the parties present

multiple issues in their memoranda of law in support of their respective motions.  Ultimately,

however, the Court need not—indeed, cannot—consider the various arguments raised by the

parties in their memoranda of law because the Under Secretary failed to address a threshold legal

issue in his decision.  Specifically, and as the plaintiff correctly points out, the Under Secretary

"utterly fail[ed] to address the plaintiff's straightforward argument that [he] lacks authority to

apply any [§] 7422(b) exclusion in the first place" because the scope of the exclusions set forth

in § 7422(b) apply only to collective bargaining and grievance procedures arising out of

collective bargaining and the charges filed by the plaintiff with the Authority do not, in its view,

implicate the collective bargaining process.  Pl.'s Mem. at 23.  It is plain from the administrative

record that the plaintiff raised this argument in opposition to the Medical Center's motion for a

§ 7422(d) determination, see A.R. at 21–22 (arguing that because "[t]his is not an issue of

'collective bargaining' within the meaning of [§] 7422(b)[, n]or . . . a matter of 'grievance

procedure' coverage within the meaning of [the statute], . . . the Under Secretary . . . has no authority to apply any of the [§] 7422(b) exclusions in this instance"). It is equally plain that the Under Secretary failed to address this argument in his decision. See A.R. at 31–32 (considering only whether the conduct at issue in the plaintiff's charges before the Authority fell within the "professional conduct or competence" prong of § 7422(b)).

The Under Secretary's failure to address this issue in his decision constitutes reversible error. To reverse an agency's determination under the APA, a reviewing court must be unable "to conclude that the [agency whose action is under review] examined the relevant data and articulated a satisfactory explanation for its action[,] including a rational connection between the facts found and the choice made." Kreis v. Sec'y of Air Force, 406 F.3d 684, 686 (D.C. Cir. 2005) (internal citation and quotation marks omitted). While the "agency's explanation need not be a model of analytic precision to survive a challenge" under the APA, a "reviewing court" may reverse an agency ruling "if the agency's path" cannot "reasonably be discerned." Frizelle v. Slater, 111 F.3d 172, 176 (D.C. Cir. 1997) (internal citation and quotation marks omitted). And "a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency," not on the basis of arguments asserted for the first time on appeal. SEC v. Chenery Corp., 332 U.S. 194, 196 (1947).

Here, the only arguments against the plaintiff's contention that their unfair labor practice charges before the Authority fall outside the rubric of "collective bargaining" within the meaning of § 7422(b) are those invented by the defendants in their memoranda of law filed with this Court. Because the Court cannot "discern[]" the "path" taken by the Under Secretary in choosing to ignore this issue, Frizelle, 111 F.3d at 176, and  consider the defendants' newly-

raised arguments, it must conclude that the Under Secretary acted arbitrarily and capriciously in concluding that the charges filed by the plaintiff with the Authority fall within the scope of § 7422(b).  Moreover, given the deference customarily afforded to agencies in interpreting statutes such as § 7422, see Pub. Citizen, Inc. v. U.S. Dep't of Health and Human Servs., 332 F.3d 654, 659 (D.C. Cir. 2003) (holding that where a "'statute is silent or ambiguous with respect to [a] specific issue,'" a court reviewing an agency's ruling "must defer to the agency's interpretation as long as it is 'based on a permissible construction of the statute'" (quoting Chevron, 467 U.S. at 843)), it is not possible for the Court to attempt to determine the scope of § 7422(b) in the first instance.

Instead, the Court must deny the defendants' motion to dismiss and grant the plaintiff's motion for summary judgment with respect to Count II of the plaintiff's complaint (i.e., the count of the complaint in which the plaintiff claims that the defendants acted arbitrarily and capriciously in applying § 7422(b) to charges that do not implicate collective bargaining or the grievance procedures created by collective bargaining), reverse the Under Secretary's decision, and remand this case to the Department of Veterans Affairs for a determination as to whether the charges filed by the plaintiff with the Authority qualify as "collective bargaining" or "grievance procedures provided under a collective bargaining agreement" within the meaning of § 7422(b). The Court will therefore deny the balance of the plaintiff's motion as moot in light of this ruling. However, in the interests of judicial economy, the Court will stay, rather than dismiss, this case so that the plaintiff may, if need be, file a motion to terminate the stay and obtain leave to file an amended complaint should the Under Secretary issue a ruling adverse to the plaintiff's interests on remand.  While the stay remains in effect, this case will be administratively closed, and the Court will administratively reopen the case if and when the stay is terminated.  Finally, the Court

will direct the parties to file joint status reports every ninety days so that the Court can dismiss this case if the Under Secretary issues a ruling that is favorable to the plaintiff's position.

**SO ORDERED** this 28th day of August, 2009.[3]

REGGIE B. WALTON
United States District Judge

---

[3] An order will be entered contemporaneously with this memorandum opinion (1) denying the defendants' motion to dismiss, (2) granting in part and denying in part as moot the plaintiff's motion for summary judgment, (3) granting summary judgment in favor of the plaintiff with respect to Count II of the complaint, (4) staying and administratively closing this case, and (5) directing the parties to file joint status reports every ninety days until ordered otherwise by the Court.